UNITED STATES of America,
Plaintiff,

v.

Joseph J. BLUNK, Charles A. Parlier and
George W. High, Defendants.

Civ. No. 8540.

United States District Court
D. Oregon.

March 12, 1957.

C. E. Luckey, U. S. Atty., and Thomas B. Brand, Asst. U. S. Atty., Portland, Or., for plaintiff.

George W. Mead, and Thomas R. Williams, Portland, Or., for defendants.

SOLOMON, District Judge.

This is an action by the United States Government to recover on a claim declared by the Reconstruction Finance Corporation (RFC) to be due in connection with the meat subsidy program conducted by that agency during the Second World War. The Government has moved for summary judgment. The defendants agree they have no defense if this claim was a reviewable order by the RFC, because they did not take the steps to protest and to appeal which were required by statute.

■ The provisions for appeal of orders by the Price Administrator, head of the Office of Price Administration, were set out in the Emergency Price Control Act of 1942, §§ 203, 204, 56 Stat. 31, 50 U.S.C.A.Appendix, §§ 923, 924. Orders issued under the meat subsidy program are subject to these provisions. Armour & Co. v. Reconstruction Finance Corp., Em.App.1947, 162 F.2d 918, 923. Under these provisions, orders may be protested to the agency within sixty days, and may be appealed to the Emergency Court of Appeals within thirty days thereafter.

■ The alleged order in this case consisted of a letter together with a form called a "Claim Receivable." The letter informed the defendants that certain of their claims for meat subsidies had been reprocessed on a different basis and would be allowed in a lower amount. Since the claims had already been paid, the agency set up a claim receivable for the amount of the overpayment. The "Claim Receivable" form was sent at

the same time. It set forth the exact amount of overpayment and interest due. The defendants admit receiving these documents nine years ago, but they have taken no action to protest, appeal, or pay the claim.

The defendants contend this order was not sufficiently final to be reviewable because the letter suggested another alternative to payment of the claim. The letter read as follows:

"This is to advise that in accordance with Washington instructions your cattle claims filed for the period of May 1, 1945 to October 14, 1946 on Form DS–T–55 have been reprocessed on a feeder-rate basis and the amount of the overpayment of subsidy so determined set up as a Claim Receivable. A copy of our Form T–608 will be mailed you in due course indicating in detail amount of the overpayment plus interest.

"In the event you feel that evidence can be furnished in support of your cattle claims as filed, such evidence will receive our consideration. The evidence should be in the form of an independent audit made at your expense by an auditor *satisfactory to this Agency*. We do not mean that we shall require an audit but merely mention it as an alternative to the adjustment as made."

The defendants cite as authority for their position the case of Riverview Packing Co. v. Reconstruction Finance Corp., Em.App.1953, 207 F.2d 415, which held not to be a reviewable order a letter by the RFC in connection with slaughterer's subsidy claims already paid. After stating that the claims as they stood were invalid, that letter went on to propose three alternatives: The slaughterer could explain the discrepancies; he could get a favorable ruling from the Office of Price Administration on his reporting methods; or he could withdraw the claims and make restitution.

The court in that case said that a determination invalidating a subsidy claim need not be in any particular form to be reviewable, but there must be "a definite order in some form which has finally invalidated the subsidy claims in question." Ibid at page 418. I think that the letter and "Claim Receivable" sent by the RFC in this case constituted such an order. Unlike the letter in the Riverside Packing Co. case, these documents not only informed the slaughterers that their subsidy claims were invalid as to the amount of the overpayment, but specified the amount and stated it was regarded as payable forthwith. The mere fact that the RFC indicated its willingness to change its mind if the slaughterers made a proper showing did not make the order less final and therefore unreviewable. This agency by statute had authority to change its orders even after the filing of a protest or appeal.[1]

The Government's motion for summary judgment is granted.

---

1. Emergency Price Control Act of 1942, § 204(a), 56 Stat. 31, 50 U.S.C.A.Appendix, § 924(a).